**CONRAD v RAREY**

**LEHMAN v SMITH**

Ohio Appeals, 2nd Dist, Franklin Co

Decided Feb 10, 1931

H. J. Gardner, Columbus, for plaintiffs.
C. E. Smith, Columbus, for defendants.

ALLREAD, J.

The defense raises two questions; the first is as to whether Florence Conrad can, in view of her having assumed the mortgage claim of the Union Trust Company, resist the mortgage given to secure said mortgage.

We do not find it necessary to determine this question.

We go to the second defense, which is the principal question, namely, as to the right of C. E. Smith, as Trustee for the Union Trust Company, to recover judgment in view of the failure of the Union Trust Company to comply with the provisions of §178 GC, et seq.

The findings of fact do not show the character or amount of business done by the Union Trust Company in Ohio.

The findings of fact are open, therefore, to interpretation as to the nature and amount of business done in Ohio.

The claim being here for the forfeiture of the mortgage deed, we hold that the courts are bound to construe the findings of fact in connection with the facts admitted in the pleadings most strongly in favor of the Union Trust Company.

So construing the findings of fact we are satisfied that there is no showing of any such violation of the Ohio law as to justify the refusal of relief to C. E. Smith, as Trustee for the Union Trust Company, or to the company, itself. This, we think, is justified by the decision of our Supreme Court in **Soap Co. v Bogue, 114 Oh St 149,** and in the still later case of **List v Co-Operative Association, 114 Oh St 361.** In the latter case the facts are more clearly similar to those in the present case, and it was held as follows:

"1. Where the laws of this state authorize corporations to be formed for the purpose of carrying on a certain prescribed business, corporations organized under the laws of other states for similar purposes may by virtue of the same authority operate within this state, upon compliance with the provisions relative to registration of foreign corporations.

2 Acts of such foreign corporation within this state prior to registration within the limitations permitted by the laws of this state are not void."

There is a still later case, to-wit, that of **Eversman v Chapman, 115 Oh St 269,** which goes still further in holding that a foreign corporation may transact business within this state notwithstanding its default in compliance with the Ohio laws, and that such acts are not void for that reason.

See also **The Harriman Natl. Bank of N. Y., Trustee, v Boulevard Co., 25 N.P. N.S. 263,** affirmed by Court of Appeals, 22 O.L.R. 648.

Counsel also quote the failure to comply with §5508 and §5509 of the Revised Statutes. The first section relates more especially to insurance corporations transacting an insurance business, but the latter section applies to all corporations doing business within this state. In the peladings it does not appear that these sections of the statute are referred to, but they are referred to in the briefs of counsel. In the absence of such pleading, we think it is not necessary for us to consider the effect of these statutes, but even if we were, we think as against a corporation which has failed to comply with §178 GC and such corporation does not transact any business in this state which offends against the other sections, that these sections do not apply.

We are, therefore, of opinion that the judgment of the Court of Common Pleas in this case is correct.

In the Lehman case, we are of opinion that the views already expressed in the Conrad case are conclusive as to the judgment rendered. There are, however, other questions in this case. It appears that Athens L. Lehman filed his answer to the petition setting up the fact that the Union Trust Company of Baltimore, Maryland was doing business in Ohio without complying with §178 GC, and that by reason thereof the mortgage could not be enforced.

This answer was filed on November 22, 1928.

On July 29, 1929, an amended petition

was filed which was a re-statement of the entire cause of action.

On the same date a receiver was appointed to collect rent.

On October 10, 1929, an order of foreclosure was entered on the evidence. A sale was then advertised and the property sold. On November 25, 1929, a moton was filed to set aside the judgment upon the ground that there was no default.

On November 26, 1929, a motion was filed by the plaintiff showing that Athens L. Lehman had transferred his interest in bankruptcy and asking that his trustee in bankruptcy should make the claim.

Both motions were overruled and the judgment was entered **nunc pro tunc.**

We are clear that there was no error in this case, and that for the reason stated also in the Lehman case, the judgment must be sustained.

HORNBECK and KUNKLE, JJ, concur.